IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,869-01




EX PARTE KIUNTIS D. WILLIAMS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
FROM KAUFMAN COUNTY



           Johnson, J., filed a concurring statement.

C O N C U R R I N G S T A T E M E N T

            I agree that relief is properly denied on this application for habeas corpus. Applicant alleges
that counsel failed to advise him of the details of his plea bargain and asserts that, without his
knowledge, the nature of his offense was changed from unlawful possession of a firearm by a felon
to possession of a controlled substance with the intent to deliver. A review of the record, however,
disproves Applicant’s claim that he believed he pleaded guilty to possession of a firearm. 
            Applicant was indicted for possession of a controlled substance with intent to deliver and
unlawful possession of a firearm by a felon. It is clear from the record that, when Applicant signed
the original plea agreement for community supervision, he knew that he would plead guilty to
possession of a controlled substance with the intent to deliver and that the firearm charge and the
drug-free-zone allegation would be dropped.


 
            Applicant’s community supervision was later revoked, and the revocation judgment
erroneously listed the offense as unlawful possession of a firearm. The trial judge issued a judgment
nunc pro tunc that changed the offense to possession of a controlled substance, but that judgment
also erroneously included the drug-free-zone finding that had been dropped under the terms of the
original plea agreement. The trial judge has recommended that relief be granted and that this Court
delete the drug-free-zone finding,


 but applicant did not raise that issue in his writ application and
thus has failed to show he is entitled to relief based on the allegation he raises in his application. 
            I note that, while granting relief by deleting the drug-free-zone finding from the judgment
would be inappropriate for this Court, applicant may request a second judgment nunc pro tunc to
remove the erroneous drug-free-zone finding, and the trial court is authorized to grant such relief.
 
Filed: April 9, 2014
Do not publish